IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KENDRA BARLOW-JOHNSON and JUSTIN DENNIS | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 22-cv-3215 ) |
| WILLIAM TINSLEY | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant William Tinsley's Motion to Dismiss (d/e 6). For the foregoing reasons, the Motion (d/e 6) is GRANTED IN PART AND DENIED IN PART.

**I.   BACKGROUND**

On October 20, 2022, Plaintiffs Kendra Barlow-Johnson and Justin Dennis filed a pro se Complaint against Defendant William Tinsley for: breach or violation of required contract/implied warranty of habituality in violation of 41 U.S.C. § 6503 (Count I); tort claims in violation of 28 U.S.C. Chapter 171 (Count II); retaliating against Plaintiffs in violation of 10 U.S.C. § 932 Art. 132 (Count III); and larceny and wrongful appropriation in violation of

10 U.S.C. § 921 Art. 121 (Count IV). On November 18, 2022, Defendant moved to dismiss all Counts for lack of federal question subject-matter jurisdiction pursuant to Rule 12(b)(1), as well as for failure to plausibly state a claim for relief upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (d/e 6). On November 21 and 22, the Court notified the Plaintiffs that a case-dispositive motion had been filed (d/e 8, 9). To date, Plaintiffs have not filed a response to Defendant's Motion to Dismiss. Under the Court's local rules, if no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties. See L.R. CDIL 7.1(B).

## II.   LEGAL STANDARD

Defendant has moved to dismiss Plaintiffs' pro se Complaint under both Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). "When a motion to dismiss is based on a lack of

subject-matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b)(6) defenses, the court should consider the Rule 12(b)(1) challenge first." Rizzi v. Calumet City, 11 F. Supp. 2d 994, 995 (N.D. Ill. 1998) (citing Bell v. Hood, 327 U.S. 678, 682 (1946)). If the Court dismisses Plaintiffs' Complaint for lack of subject-matter jurisdiction, the accompanying Rule 12(b)(6) defenses become moot and need not be addressed. Id.

The standard of review for a Rule 12(b)(1) motion to dismiss depends on whether a factual or facial challenge has been raised. Silha v. ACT, Inc., 807 F.3d 169, 173 (7th Cir. 2015). If, as here, a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction—a facial challenge—the court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences" in the plaintiff's favor. Id. at 174. However, "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell, 770 F.3d 586, 589–90 (7th Cir. 2014). "[W]hen evaluating a facial challenge to subject matter jurisdiction," the court employs "the

same standard used to evaluate facial challenges to claims under Rule 12(b)(6)," as described below. Silha, 807 F.3d at 174.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007). A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief" that puts the defendant on notice of the allegations. Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002) (quoting Fed. R. Civ. P. 8(a)(2)). The court accepts all well-pleaded facts alleged and draws all possible inferences in the plaintiff's favor. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

The complaint must put forth plausible grounds to demonstrate a claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plausible claim is one from which the court is able to draw reasonable inferences that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Additionally, the complaint must raise a reasonable expectation that discovery will reveal evidence of liability. Id. at 663; Twombly, 550 U.S. at 545. A complaint merely reciting a

cause of action or conclusory legal statements without support is insufficient. Iqbal, 556 U.S. at 663.

### III.  FACTS

The following facts are alleged in Plaintiffs' Complaint and are accepted as true at the motion to dismiss stage. On September 13, 2021, Plaintiffs entered into an apartment leasing agreement with Defendant and paid a security deposit and first month's rent. Plaintiffs' Complaint indicates additional facts in an attachment, but the only attachment to the Complaint states facts unrelated to Defendant in this action. Rather, those facts and claims relate to Plaintiff's action in Case No. 22-cv-03214. As a result, the Court does not address them here.

### IV.  ANALYSIS

**A. Because Plaintiffs Have Not Alleged That Defendant Is a Representative of a Government Agency of the United States, the Court Lacks Subject-Matter Jurisdiction Over Count I.**

Count I of Plaintiffs' Complaint alleges breach or violation of required contract/implied warranty of habituality in violation of 41 U.S.C. § 6503. 41 U.S.C. § 6503 applies in "case of breach or violation of a representation or stipulation included in a contract

under section 6502 of this title." 41 U.S.C. § 6503(a). As Defendant correctly asserts, 41 U.S.C. § 6502 applies to "contracts made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000[.]" 41 U.S.C. § 6502. Although Plaintiffs allege an apartment leasing agreement exists between Plaintiffs and Defendant, Plaintiffs have not made a claim that Defendant is a representative of a government agency of the United States. Accordingly, this Court lacks subject-matter jurisdiction over Count I. Since the Court lacks subject-matter jurisdiction over Count I, the argument raised to support Defendant's motion to dismiss pursuant to Rule 12(b)(6) is rendered moot.

> **B. Because Plaintiffs Have Not Alleged That Defendant Is a Representative of a Government Agency of the United States, the Court Lacks Subject-Matter Jurisdiction Over Count II.**

Count II of Plaintiffs' Complaint alleges tort claims in violation of 28 U.S.C. Chapter 171, §§ 2671–2680. While Plaintiffs do not specify which section under 28 U.S.C. Chapter 171 they bring Count II under, 28 U.S.C. §§ 2671–2680 contains the procedural provisions governing the Federal Tort Claims Act (FTCA). Liberally

construing Plaintiffs' claim, the Court presumes that Plaintiffs intended to bring tort claims under the FTCA. See Erickson, 551 U.S. at 94.

Federal district courts are given exclusive jurisdiction over tort claims against the United States for the acts of its employees, "[s]ubject to the provisions of chapter 171[.]" 28 U.S.C. § 1346(b)(1). The FTCA waives sovereign immunity in suits "for . . . personal injury . . . caused by the negligent or wrongful act or omission of any [Government] employee while acting within the scope of his office or employment[.]" Id. An "employee of the government" includes:

> (1) officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of title 32, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation, and (2) any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of title 18.

28 U.S.C. § 2671.

Plaintiffs have not made a claim that Defendant is an employee of the government. Moreover, Plaintiffs shall "first

present[] the [FTCA] claim to the appropriate Federal agency" prior to filing claim in this district court. 28 U.S.C. § 2675(a). Accordingly, this Court lacks subject-matter jurisdiction over Count II. Since the Court lacks subject-matter jurisdiction over Count II, the argument raised to support Defendant's motion to dismiss pursuant to Rule 12(b)(6) is rendered moot.

### C. Because the Uniform Code of Military Justice Governs Military Courts' Jurisdiction, the Court Lacks Subject-Matter Jurisdiction Over Counts III and IV.

Counts III and IV of Plaintiffs' Complaint alleges retaliation as well as larceny and wrongful appropriation, in violation of the Uniform Code of Military Justice, 10 U.S.C. § 932 and 10 U.S.C. § 921, respectively.

10 U.S.C. § 932 states:

> (a) Any person subject to this chapter who, with the intent to retaliate against any person for reporting or planning to report a criminal offense, or making or planning to make a protected communication, or with the intent to

>discourage any person from reporting a criminal offense or making or planning to make a protected communication—
>>(1) wrongfully takes or threatens to take an adverse personnel action against any person; or
>>(2) wrongfully withholds or threatens to withhold a favorable personnel action with respect to any person;
>
>shall be punished as a court-martial may direct.

10 U.S.C. § 932. Meanwhile, 10 U.S.C. § 921 states:

>(a) Any person subject to this chapter who wrongfully takes, obtains, or withholds, by any means, from the possession of the owner or of any other person any money, personal property, or article of value of any kind—
>>(1) with intent permanently to deprive or defraud another person of the use and benefit of property or to appropriate it to his own use or the use of any person other than the owner, steals that property and is guilty of larceny; or
>>(2) with intent temporarily to deprive or defraud another person of the use and benefit of property or to appropriate it to his own use or the use of any person other than the owner, is guilty of wrongful appropriation.
>
>(b) Any person found guilty of larceny or wrongful appropriation shall be punished as a court-martial may direct.

10 U.S.C. § 921 Art. 121(a), (b).

Persons subject to the Uniform Code of Military Justice include military personnel, but not civilians. See 10 U.S.C. § 802. Plaintiffs' Complaint makes no allegations that Defendant is a person subject to the Uniform Code of Military Justice as defined in

10 U.S.C. § 802.  Moreover, 10 U.S.C. § 921 and 10 U.S.C. § 932 authorize punishment by the court-martial, not federal district courts.  See 10 U.S.C. §§ 921, 932.  Accordingly, this Court lacks subject-matter jurisdiction over Counts III and IV.  Since the Court lacks subject-matter jurisdiction over Counts III and IV, the argument raised to support Defendant's motion to dismiss pursuant to Rule 12(b)(6) is rendered moot.

### V.    CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (d/e 6) is GRANTED IN PART AND DENIED IN PART.  While the Court dismisses Plaintiffs' Complaint, Plaintiffs are given 21 days from the date of this Order to file an Amended Complaint addressing the deficiencies identified above.

**ENTERED:  June 12, 2023**

**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**